ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **AGUSTÍN BURGOS TORRES**<br><br>Apelante<br><br>v.<br><br>**YAZMIRA RODRÍGUEZ ÁLVAREZ**<br><br>Apelada | KLAN202301153 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.:<br>**PO2022CV02956**<br><br>Sobre:<br>Daños y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico a 2 de abril de 2024.

Comparece ante nos el Sr. Agustín Burgos Torres (Sr. Burgos Torres o Apelante) y nos solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Ponce (TPI)[1] en la que se desestimó una causa de acción por daños por esta ser prematura.

Por los fundamentos que discutimos a continuación, confirmamos la determinación del TPI.

I.

Antes de discutir los hechos pertinentes, debemos señalar que el caso ante nuestra consideración está íntimamente relacionado con *PO2021RF00701* y *PO2021RF00891,* ambos activos en el TPI.[2]

---

[1] Apéndice del *Recurso de Apelación*, Anejo I, págs. 1-6. Archivada y notificada en autos el 6 de noviembre de 2023.

[2] Tomamos conocimiento judicial de los procedimientos, órdenes, sentencias, resoluciones, documentos y cualquier otra información que forme parte de los expedientes en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC) con relación a los casos *PO2022CV02956, PO2021RF00701* y *PO2021RF00891.* Véanse la Regla 201(B)(2) de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 201(B)(2); *Asociación de Periodistas v. González,* 127 DPR 704 (1991).

El caso de marras dimanó el 27 de octubre de 2022 cuando el Sr. Burgos Torres presentó una *Demanda*[3] por daños y perjuicios en contra de Yazmira Rodríguez Álvarez (Sra. Rodríguez Álvarez o Apelada). En esencia, el Sr. Burgos Torres alegó que los menores *ABR* y *YOBR* no son sus hijos biológicos y le solicitó al TPI que ordenara una prueba de histocompatibilidad. Por lo tanto, la *Demanda* contenía dos causas de acción por daños. Como primera causa de acción, el Sr. Burgos Torres alegó que sufrió daños puesto que la inscripción de los menores *ARB* y *YOBR* fue mediante engaño por parte de la Sra. Rodríguez Álvarez.[4] La segunda causa de acción trata sobre los daños sufridos por el Apelante al ser privado de la habilidad para compartir con el menor *YABR*, producto de su relación con la Sra. Rodríguez Álvarez, cuya filiación no está en controversia.[5]

En resumen, el Sr. Burgos Torres le solicitó al TPI que ordenara: la nulidad e inexactitud del vínculo entre el Apelante y los menores *ABR* y *YOBR*, una compensación de $150,000 por las actuaciones culposas y alegados daños y perjuicios provocados por la Sra. Rodríguez Álvarez, la devolución de las aportaciones realizadas por concepto de alimento a los menores *ABR* y *YOBR*, $50,000 en concepto de daños a la herencia futura de su hijo biológico *YABR* y el pago de los alimentos que tuviese que pagar en el futuro en la eventualidad de que el TPI no le concediera el remedio que solicitó.

Así las cosas, el 2 de enero de 2023, la Sra. Rodríguez Álvarez presentó una *Moción de Desestimación* donde alegó que el TPI carecía de jurisdicción sobre la materia debido a que la *Demanda* deja de exponer una reclamación que justifique la concesión de un

---

[3] Apéndice, *supra*, Anejo V, págs. 60-68.
[4] *Íd.*, págs. 104-106.
[5] *Íd.*, págs. 106-108.

remedio conforme a la Regla 10.2 (1) y (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (1) y (5).[6] La Sra. Rodríguez Álvarez fundamentó su *Moción* en que el Sr. Burgos Torres no pudo demostrar que sufría un daño real y palpable, no abstracto ni hipotético, cuando aún existía una controversia viva en los tribunales sobre la impugnación paternofilial. La parte apelada alegó que en el caso *PO2021RF0891*, el TPI tenía ante su consideración la controversia sobre la impugnación paternofilial y que dicha controversia tenía que ser resuelta antes de atender el asunto de los daños y perjuicios.

El 17 de enero de 2023, el Sr. Burgos Torres presentó una *Moción Solicitando Prórroga y Consolidación* donde solicitó que se consolidara el presente caso y el *PO2021RF0891* con el *PO2021RF0701*. El TPI denegó la consolidación[7] y ante este hecho, el Sr. Burgos Torres presentó su *Réplica a Moción de Desestimación*.[8]

Luego de analizar las alegaciones de las partes, el TPI dictó *Sentencia* el 6 de noviembre de 2023. En esta, concluyó que "el Tribunal no puede entrar a atender la controversia ante nos, debido a que el caso de marras no es uno justiciable por no existir una controversia madura y definida; factor determinante para que un tribunal pueda atender un caso".[9] En consecuencia, el TPI desestimó la *Demanda*.

Inconforme, y luego de solicitar infructuosamente la reconsideración de la determinación, el 26 de diciembre de 2023, el Sr. Burgos Torres presentó el *Recurso de Apelación* ante nuestra consideración. En este, alegó que el TPI cometió dos errores:

> **PRIMER ERROR: COMETIÓ GRAVE ERROR DE DERECHO Y ABUSO DE SU DISCRECIÓN EL TPI AL DICTAR SENTENCIA DESESTIMANDO LA DEMANDA ALEGANDO QUE LA MISMA CARECÍA DE LOS REQUISITOS DE "JURSTICIABILIDAD".**
> **SEGUNDO ERROR: COMETIÓ GRAVE ERROR DE DERECHO Y ABUSO DE SU DISCRECIÓN EL TPI AL**

---

[6] *Íd.*, Anejo VII, págs. 70-75.
[7] Entrada Núm. 10, en SUMAC.
[8] Apéndice, *supra*, Anejo VIII, págs. 76-102.
[9] *Íd.*, Anejo I, pág. 6.

**DICTAR SENTENCIA DESESTIMANDO LA DEMANDA, ALEGANDO QUE LA CAUSA DE ACCIÓN NO ESTABA MADURA AUN CUANDO LA DEMANDA CONSTITUYE UNA <u>RECLAMACIÓN CONTINGENTE</u> AL AMPARO DE LA REGLA 14.2 DE PROCEDIMIENTO CIVIL.**

Ambos errores señalados tornan alrededor de una controversia en común. En esencia, los errores están íntimamente relacionados con el concepto de justiciabilidad, específicamente la madurez de una causa de acción. Por lo tanto, debemos limitar nuestra determinación a contestar si el Sr. Burgos Torres presentó ante el TPI una controversia justiciable.

El 5 de marzo de 2024, la parte Apelada presentó una *Oposición a Apelación y en Solicitud de Regla 85 del Tribunal Apelativo*. En esta, la Sra. Rodríguez Álvarez se opuso a las alegaciones y los fundamentos que hizo el Sr. Burgos Torres en su *Recurso Apelativo*. También solicitó que se le impusiera a la parte Apelante una sanción no menor de $5,000.00 por temeridad al amparo de la Regla 85 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 85.

Señalados los hechos pertinentes, procedemos a esbozar el derecho aplicable.

II.

A.

Los tribunales solo pueden atender casos que son justiciables, donde exista una controversia, y no en aquellas circunstancias donde exista una disputa abstracta, cuya resolución no tendrá consecuencias para las partes. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *Fund. Surfrider y otros v. A.R.Pe.,* 178 DPR 563, 571 (2010); *E.L.A. v. Aguayo,* 80 DPR 552 (1958). El principio de justiciabilidad surge a partir de consideraciones de índole constitucional, de autolimitación adjudicativa, las cuales exigen tener ante nosotros un caso y controversia real antes de ejercer el poder judicial. Solo podemos resolver "controversias

genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo, supra*, págs. 558-559. Dicho principio "responde en gran medida al papel asignado a la judicatura en una distribución tripartita de poderes, diseñada para asegurar que no intervendrá en áreas sometidas al criterio de otras ramas de gobierno". *Fund. Surfrider v. A.R.Pe., supra*, pág. 571.

Nuestro Tribunal Supremo ha desarrollado criterios que los tribunales deben considerar para determinar si un caso es justiciable.

> Para que una controversia sea justiciable se debe evaluar si es (1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente, y finalmente (3) si la controversia es propia para una determinación judicial, ya que se distingue de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio. Por lo tanto, **no será justiciable aquella controversia en la que**: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva, o **(5) se promueve un pleito que no está maduro**. *Asoc. Fotoperiodistas v. Rivera Schatz, supra*, pág. 932. (Énfasis nuestro).

La madurez de un pleito es un requisito esencial para que los tribunales puedan atender una controversia. Dicho requisito surge de la norma jurídica que prohíbe que los tribunales emitan opiniones consultivas. R. Serrano Geyls, *Derecho Constitucional de Estados Unidos y Puerto Rico*, San Juan, Ed. U.I.A.P.R. 1997, Vol. I, pág. 195. Una opinión consultiva "se define como la ponencia legal emitida por un tribunal cuando no tiene ante sí un caso o una controversia justiciable, y cuyo resultado, por tanto, no es obligatorio". *Ortíz v. Panel F.E.I.*, 155 DPR 219, 251 (2001) (citando a H.C. Black, *Black's Law Dictionary*, 7ma ed., Minnesota, Ed. West Publishing Co., 1999, pág. 1119)). Mediante su prohibición, los

tribunales intentan prevenir que se emitan opiniones en el vacío o abstracto que conduzcan a los tribunales a ser asesores o consejeros. *Íd.* Por lo tanto, la presentación prematura de un caso incide sobre la jurisdicción de los tribunales. *Romero Barceló v. E.L.A.*, 169 DPR 460, 475 (2006).

Para auscultar la madurez de un caso, el Tribunal Supremo de Puerto Rico ha desarrollado un análisis bifurcado. En primer lugar, debemos determinar si la controversia sustantiva es apropiada para la resolución judicial. Contestada esta primera en la afirmativa, debemos determinar si el daño a la parte es suficiente para requerir una adjudicación. *Romero Barceló v. E.L.A.*, *supra*; *Com. Asuntos de la Mujer v. Srio. De Justicia*, 109 DPR 715, 720 (1980). "El factor determinante es que la controversia esté definida concretamente de manera que el tribunal pueda evaluarla en sus méritos". *Rexach v. Ramírez*, 162 DPR 130, 142 (2004).

B.

"El ordenamiento procesal civil procura fundamentalmente facilitar los trámites ante los tribunales en términos de costos y tiempo, de modo que garantice a todos los ciudadanos del país un acceso efectivo a la justicia". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 7ª ed. rev., San Juan, Ed. Lexis Nexis de Puerto Rico, 2017, pág. 1 (citando a *Nazario Morales v. A.E.E.*, 172 DPR 649 (2007)). Para cumplir con dicho propósito, las Reglas de Procedimiento Civil, *supra*, contemplan varios mecanismos para aliviar la carga de los tribunales, agilizar los procedimientos y lograr la justicia de manera más eficiente. En miras a estos fines, la Regla 14 de Procedimiento Civil permite que las partes soliciten la acumulación de reclamaciones y la Regla 38.1 de Procedimiento Civil permite la consolidación de pleitos. Mediante dicho proceso, se consolidan causas de acciones íntimamente relacionadas.

La Regla 14 de Procedimiento Civil dispone que:

**Regla 14.1. Acumulación de reclamaciones**
Cualquier parte podrá acumular en su alegación tantas reclamaciones independientes o alternativas como tenga contra la parte adversa.

**Regla 14.2. Acumulación de reclamaciones contingentes**
Cuando se trate de una reclamación que dependa para su ejercicio de que se prosiga otra reclamación hasta su terminación, estas dos reclamaciones podrán acumularse en el mismo pleito. El tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal.

La Regla 38.1 de Procedimiento Civil dispone que:

**Regla 38.1. Consolidación**
Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes o de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

Aunque las reglas mencionadas ostentan crear un sistema de justicia más eficiente, la concesión de los mecanismos que proveen está sujeta a la discreción de los tribunales; ninguna es obligatoria.

"Consolidación de pleitos significa la unión en un solo proceso de dos o más acciones interpuestas por separado para fines de la vista de una cuestión en común, o del juicio solamente o para de todo ulterior procedimiento; podría denominarse también acumulación de autos". R. Hernández Colón, *op. cit.*, pág. 395. Cuando los tribunales enfrentan una moción para consolidar dos o más pleitos, deben asegurar que ambos pleitos cumplan con los siguientes requisitos: "[primero], que los casos presenten cuestiones comunes de hecho o de derecho y [segundo], que éstos estén pendientes ante el tribunal". *Hospital San Francisco, Inc. v. Secretario de Salud*, 144 DPR 586, 593 (1997). Luego de cotejar que la consolidación cumpla con los requisitos señalados, el tribunal deberá ponderar la *totalidad de las circunstancias* de los casos cuales se solicita la consolidación. *Íd.*, pág. 594.

Ahora bien, los foros de instancia tienen amplia discreción sobre el manejo de casos, y aun más sobre el manejo de casos complejos. *Vives Vázquez v. E.L.A.*, 142 DPR 117, 141 (1996). Los tribunales de instancia ejercen esta discreción al consolidar o acumular reclamaciones o pleitos. Las determinaciones que tome un tribunal, luego de ponderar la totalidad de las circunstancias de las controversias ante su consideración, merecerán "gran deferencia por parte del tribunal que la revise. **Sólo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción**". *Íd.*, pág. 142. (Énfasis nuestro).

C.

En la etapa apelativa, la Regla 85 del Reglamento del Tribunal de Apelaciones, *supra*, R. 85, rige la imposición de costas y sanciones a las partes en pleitos ante su consideración. En concreto, la referida regla dispone lo siguiente:

> (A) Las costas se concederán a favor de la parte que prevalezca, excepto en aquellos casos en que se disponga lo contrario por ley.
> (B) Si el Tribunal de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos, lo denegará o desestimará, según sea el caso, e impondrá a la parte promovente o a su abogado o abogadas las costas, los gastos, los honorarios de abogado y la sanción económica que estime apropiada, la cual deberá reflejar, en lo posible, el costo de la dilación para el Estado y para la parte opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Apelaciones.
> El tribunal impondrá iguales medidas a la parte promovida o a su abogado cuando determine que la contestación al recurso es frívola o que ha sido presentada para dilatar los procedimientos.
> (C) El Tribunal de Apelaciones impondrá costas y sanciones económicas en todo caso y en cualquier etapa a una parte, a su abogado o a su abogada por la interposición de recursos frívolos o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.
> (D) A discreción del Tribunal de Apelaciones, la sanción económica podrá ser a favor del Estado, de cualquier parte o de su abogado o abogada.

(E) Los dictámenes del Tribunal de Apelaciones bajo esta regla, deberán ser debidamente fundamentados.

En lo pertinente al caso ante nuestra consideración, debemos analizar la frivolidad y la temeridad. El Tribunal Supremo ha definido la temeridad en la tramitación de un caso "como aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente o que obliga a una parte a involucrarse en trámites evitables". *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 926 (2012). "Permitir la radicación de casos frívolos e inmeritorios no opera a favor de la sana administración de la justicia". *Ramos Figueroa v. Ramos López*, 144 DPR 721, 725 (1998) (Voto particular de conformidad del Juez Asociado Señor Hernández Denton).

En cuanto a la frivolidad, el Tribunal Supremo ha determinado que:

> Lo *frívolo* se define como "[a]quello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna". I. Rivera García, *Diccionario de Términos Jurídicos*, 2ª ed., New Hampshire, Equity Publishing Corp., 1985, pág. 108. Sólo lo claramente irrazonable o inmeritorio debe dar paso a una determinación de frivolidad por un tribunal apelativo. Al discutir la norma procesal sobre la imposición de honorarios de abogado por temeridad hemos expresado que el objetivo de dicha regla es "castigar a aquel litigante perdidoso que, por su terquedad, obstinación, frivolidad o insistencia —en actitud desprovista de fundamentos— obliga a la parte contraria a asumir innecesariamente las molestias, gastos e inconvenientes de un pleito". *Depto. Rec. V. Asoc. Rec. Round Hill*, 149 DPR 91, 100 (1999) (per curiam). (Citas omitidas).

Ahora bien, debemos proceder con prudencia al imponer sanciones por temeridad. Nuestro Tribunal Supremo ha señalado que la temeridad no procederá cuando: (1) existen planteamientos complejos y novedosos aun no resueltos en nuestra jurisdicción; (2) cuando la parte concernida responde a lo que resulta ser una apreciación errónea del derecho sin que existan precedentes vinculantes al respecto; o (3) cuando existe alguna desavenencia

honesta en cuanto a cuál de las partes beneficia el derecho aplicable. *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 962.

III.

En el caso ante nuestra consideración, la parte apelante ha solicitado que revoquemos la desestimación de su *Demanda* por daños por adolecer de los requisitos de justiciabilidad. Por la relación íntima entre los errores, los atenderemos en conjunto.

El Sr. Burgos Torres presentó una causa de acción por daños y perjuicios con relación a una controversia que aún no ha sido resuelta en sus méritos. La realidad es que el caso *PO2022CV02956*, del cual se recurre, requiere que el TPI resuelva controversias aún vivas en los casos *PO2021RF0701* y *PO2021RF00891*. Como las reclamaciones en el presente caso dependen de unas reclamaciones que deben ser adjudicadas primero, no tenemos duda que el caso ante nuestra consideración fue presentado prematuramente. En consecuencia, no erró el TPI al desestimar las causas de acción presentadas por el Sr. Burgos Torres.

En cuanto a la alegación que el TPI erró al no acumular reclamaciones contingentes al amparo de la Regla 14.2 de Procedimiento Civil, *supra*, R. 14.2, tampoco le asiste la razón a la parte apelante. En primer lugar, consideramos erróneo que el apelante fundamente su alegación en la Regla 14.2 de Procedimiento Civil cuando la realidad es que esta reclamación trata sobre una consolidación de pleitos al amparo de la Regla 38.1 de Procedimiento Civil, *Íd.*, R. 38.1. Aunque el caso de marras cumple con los requisitos *prima facie* para la consolidación – que los casos presenten cuestiones comunes de hecho o de derecho y que éstos estén pendientes ante el tribunal – el TPI ejerció su discreción al considerar la totalidad de las circunstancias de los casos. No entendemos que haya abusado de su discreción al denegar la consolidación de los pleitos. Recordemos que las decisiones sobre el

manejo de los casos que toman los tribunales de instancia merecen "gran deferencia por parte del tribunal que la revise. **Sólo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción**". *Vives Vásquez v. E.L.A.*, *supra*, pág. 142. (Énfasis nuestro). Entendemos que estas reclamaciones no fueron presentadas en el momento oportuno, por lo que el TPI no estaba en posición para resolverlas. Por lo tanto, el TPI no erró al desestimar la causa de acción por carecer de justiciabilidad.

Finalmente, consideramos la reclamación de la parte apelada en cuanto a la imposición de sanciones al amparo de la Regla 85 del Tribunal de Apelaciones, *supra*, R. 85. Luego de considerar tanto el expediente del caso de autos como aquellos casos pendientes ante el TPI, no consideramos apropiado la imposición de sanciones en esta etapa apelativa.

Nuestro Reglamento reconoce que debemos ofrecer acceso fácil, económico y efectivo al Tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos. Aunque nuestro más alto foro ha señalado que el propósito de las sanciones puede ser disuasivo, punitivo o remediatorio, no debemos imponer sanciones si estimamos que estas tendrán un efecto disuasivo sobre el acceso a los tribunales y a la justicia.

A todas luces, la presentación del recurso de epígrafe no adolece de clara frivolidad, ni obedece a intenciones de dilatar los procedimientos, ni constituye conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la administración de la justicia. El 18 de octubre de 2022, la Honorable Jueza Verónica Pagán Torres determinó No Ha Lugar a la *Demanda*

*Enmendada*[10] que presentó el Sr. Burgos Torres en el caso *PO2021RF00891*.[11] Dicha *Resolución* le ordenó al apelante a presentar el pleito de forma independiente y separada, y no como reclamación en ese caso. Por esta razón es que el apelante instó la *Demanda* en el caso de marras. A base de esto, no podemos concluir que el apelante haya actuado de forma temeraria o frívola. En consecuencia, determinamos No Ha Lugar a la imposición de sanciones al amparo de la Regla 85 de este Tribunal, *Íd.*

IV.

Por las razones señaladas, confirmamos la determinación del TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

El Juez Sánchez Ramos está conforme y añade que, además de lo referente a justiciabilidad, en los méritos, también procedía la desestimación de la demanda, pues no se alega un daño jurídicamente reconocible.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Íd.*, Anejo IX, págs. 103-116.
[11] Entrada Núm. 95 en SUMAC, *PO2021RF00891*.