

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2009 TSPR 156 |
| Julio C. Meléndez Vázquez | 177 DPR ____ |

Número del Caso: TS-12,232

Fecha: 16 de julio de 2009

Colegio de Abogados de Puerto Rico:

    Lcdo. José M. Trías Montalvo
    Director Ejecutivo

    Lcda. María de Lourdes Rodríguez
    Oficial Investigadora

Oficina del Procurador General:

    Lcda. Ileana Oliver Falero
    Subprocuradora General Interina

Oficina de Inspección de Notarías:

    Lcda. Lourdes I. Quintana Lloréns
    Directora

Materia: Conducta Profesional
    (Las suspensión será efectiva el 7 de octu bre de 2009,
    fecha en que se le notificó al abogado de su suspen sión
    inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correccione s del proceso de compilación y publicación oficial de las decisio nes del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio C. Meléndez Vázquez                    TS-12,232

**PER CURIAM**

San Juan, Puerto Rico, a 16 de julio de 2009.

Una vez más la displicencia y la indiferencia hacia los requerimientos de este Tribunal, así como hacia otros foros, son las causas germinales para la suspensión de un abogado del ejercicio de su profesión.

En esta ocasión, el Tribunal de Apelaciones nos notificó la resolución dictada el 15 de mayo de 2008, expresándonos el contumaz incumplimiento, por parte del Lcdo. Julio C. Meléndez Vázquez, de las resoluciones emitidas por dicho tribunal el 29 de agosto de 2007, 25 de octubre de 2007 y 14 de abril de 2008.

En vista de ello, además de la deliberada conducta de incumplimiento con las órdenes de este Tribunal, suspendemos inmediata e indefinidamente al Lcdo. Julio C. Meléndez Vázquez del ejercicio de la abogacía y de la notaría.

I

El licenciado Meléndez Vázquez fue admitido al ejercicio de la abogacía y la notaría el 22 de enero de 1998 y 27 de febrero de 1998 respectivamente. Al momento de los hechos que produjeron nuestra intervención, el licenciado se desempeñaba como representante legal del señor Emmanuel Ortiz Ortiz en una apelación criminal instada ante el Tribunal de Apelaciones.

El 15 de agosto de 2007, en el curso del trámite apelativo, el Tribunal de Apelaciones emitió una resolución ordenándole al licenciado Meléndez Vázquez gestionar una regrabación y a presentar posteriormente la transcripción de la prueba oral. Luego de varios procedimientos, el 26 de octubre de 2007 dicho foro intermedio emitió una resolución concediendo cinco (5) días para que se presentara la transcripción de la prueba oral y treinta (30) días adicionales para presentar el alegato. Sin embargo, el 14 de abril de 2008, luego de doscientos cinco (205) días, el licenciado Meléndez Vázquez no había cumplido con las órdenes previas del foro intermedio. Ante esto, el Tribunal de Apelaciones le impuso al Lcdo. Julio C. Meléndez Vázquez una sanción de

doscientos cincuenta dólares ($250.00) y le concedió un término de diez (10) días finales para someter la transcripción de la prueba oral. Esta resolución fue enviada tanto al licenciado Meléndez Vázquez como a su cliente el señor Ortiz Ortiz el cual estaba confinado.

Así las cosas, en vista del craso incumplimiento del licenciado Meléndez Vázquez, el 24 de abril de 2008 el Tribunal de Apelaciones dispuso la celebración de una vista a efectuarse el 22 de mayo de 2008, para que el licenciado Meléndez Vázquez mostrara causa por la cual no debía ser sancionado. No obstante, la notificación al letrado fue infructuosa. El alguacil del tribunal realizó múltiples esfuerzos para diligenciar la notificación, sin lograr dar con el paradero de éste. Por consiguiente, el 15 de mayo de 2008, el foro apelativo ordenó notificar a la Secretaría de este Tribunal copia del diligenciamiento negativo de la citación y copia de la resolución del 24 de abril de 2008.

Atendida la resolución notificada, el 20 de marzo de 2009 le concedimos un término de treinta (30) días al Lcdo. Julio C. Meléndez Vázquez para que mostrara causa por la cual no debía ser severamente sancionado. Ordenamos que se le notificara personalmente de esta resolución, por la Oficina del Alguacil de este Tribunal. El diligenciamiento fue negativo. El 5 de mayo de 2009, la Oficina del Alguacil nos informó que luego de múltiples gestiones no se logró encontrar al licenciado.

Además, nos informó que la hija del letrado expresó que su padre estaba desaparecido.

Adicional a esta situación, surge del expediente personal del Lcdo. Julio C. Meléndez Vázquez que, el 13 de mayo de 2008, éste radicó una Solicitud de Baja Voluntaria ante este Tribunal. El 9 de julio de 2008 le concedimos un término de treinta (30) días a la Oficina de Inspección de Notarías (O.D.I.N.), al Colegio de Abogados y al Procurador General de Puerto Rico para que se expresaran en torno a dicha solicitud de baja voluntaria.

Con el beneficio de las mociones en cumplimiento de orden, en especial la presentada por el Colegio de Abogados de Puerto Rico, el 29 de octubre de 2008 le concedimos al licenciado Meléndez Vázquez un término de diez (10) días para que compareciera ante el Colegio de Abogados a responder por los requerimientos de éste.[1] Dentro de ese mismo término le ordenamos comparecer a este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no comparecer a responder a los requerimientos del Colegio de Abogados. En dicha resolución, también le apercibimos que su incumplimiento podría conllevarle sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. Una vez más, el diligenciamiento fue negativo.

---

[1] El Colegio de Abogados nos notificó que existía una queja presentada contra el licenciado Meléndez Vázquez.

Por su parte, en la Moción en Cumplimiento de Resolución de la O.D.I.N., se nos notificaron varias deficiencias, además de acompañarnos una copia del informe del Inspector de Notarías, Lcdo. Francisco Fernández Díaz. De dicho informe surge que el Inspector puso bajo su custodia y trasladó la obra del notario Meléndez Vázquez a la O.D.I.N. por desconocer su paradero. Surge además, que el notario no respondió ninguna de las notificaciones de su Inspector en torno a las deficiencias encontradas por éste. Entre estas deficiencias se encontraron: falta de nota de saca; falta de rúbrica del notario al margen de instrumentos y su firma al final; fecha en guarismo y falta de sellos de rentas internas e impuesto notarial. La O.D.I.N. nos expresó que el licenciado Meléndez Vázquez también adeudaba los índices notariales correspondientes a los meses de marzo, abril, mayo, junio y julio de 2008.

II

El Canon 9 del Código de Ética Profesional[2], dispone que todo abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. La naturaleza de la función de abogado requiere de una celosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado

---

[2] 4 L.P.R.A. Ap. IX.

a comparecer, incluyendo el Colegio de Abogados, máxime cuando de conducta profesional se trata.[3]

Por su parte, reiteradamente hemos expresado que los abogados tienen la ineludible obligación de responder con diligencia las órdenes de este Tribunal, así como a los requerimientos del Colegio de Abogados con respecto a las quejas que éste investiga. La indiferencia de un abogado al no atender estas órdenes y requerimientos acarrea la imposición de las más severas sanciones disciplinarias, como la suspensión del ejercicio de la abogacía.[4] En múltiples ocasiones nos hemos negado a tolerar la incomprensible y obstinada negativa de un abogado de cumplir con nuestras órdenes.[5]

La desatención de los abogados a comunicaciones relacionadas a procedimientos disciplinarios tiene la misma consecuencia de vulnerar nuestra función reguladora de la profesión, al igual que en las situaciones en las que se desatiende una orden emitida directamente por el Tribunal.[6] Además, desatender las órdenes judiciales

---

[3] *In re Rosario Cartagena*, res. el 15 de agosto de 2008, 2008 T.S.P.R. 144; *In re García Baliñas*, 167 D.P.R. 125, 127 (2006).

[4] *In re Trías Fraticelli*, res. el 4 de mayo de 2009; 2009 T.S.P.R. 76; *In re Rullán Castillo*, res. el 9 de febrero de 2007, 2007 T.S.P.R. 41; *In re García Enchautegui*, 164 D.P.R. 740, 741-742 (2005).

[5] *In re Laborde Freyre I*, 154 D.P.R. 112, 115 (2001); *In re Lasalle Pérez*, 153 D.P.R. 368 (2001).

[6] *In re Ríos Acosta I*, 143 D.P.R. 128, 135 (1997).

constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9.[7]

Más allá de las posibles violaciones éticas que conllevan las actuaciones del Lcdo. Julio C. Meléndez Vázquez respecto a su cliente, en estos momentos nuestra actuación se centra en su actitud indiferente hacia los requerimientos de este Tribunal, el Tribunal de Apelaciones, el Colegio de Abogados y la O.D.I.N. Las acciones del licenciado Meléndez Vázquez reflejan una conducta displicente de dejadez, indiferencia y falta de diligencia hacia las órdenes de esta Curia, así como hacia los requerimientos de los foros antes mencionados.

La conducta del licenciado Meléndez Vázquez hacia todos estos procedimientos de por sí es suficiente razón para suspenderle de la profesión. Además, el manto de incertidumbre, desconocimiento y desinformación que cubre la realidad de su paradero junto a la actitud displicente hacia los requerimientos de este Tribunal reflejan un claro desinterés del licenciado hacia su título.

III

Por los fundamentos antes esbozados se ordena la suspensión inmediata e indefinida del Lcdo. Julio C. Meléndez Vázquez de la práctica de la abogacía y la notaría. El licenciado Meléndez Vázquez notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a

---

[7] *In re* Maldonado Rivera, 147 D.P.R. 380 (1999).

éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados.[8] De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

---

[8] En torno a la obra notarial del licenciado Meléndez Vázquez, surge del expediente que ésta se encuentra en la O.D.I.N. Como mencionamos anteriormente, dicha obra fue removida por el inspector de protocolos, Lcdo. Francisco Fernández Vázquez, el 25 de agosto de 2008 conforme a la Regla 78 del Reglamento Notarial.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio C. Meléndez Vázquez          TS-12,232

**SENTENCIA**

San Juan, Puerto Rico, a 16 de julio de 2009.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Julio C. Meléndez Vázquez de la práctica de la abogacía y la notaría. El licenciado Meléndez Vázquez notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo