*In re* MARÍA OTILIA LASSALLE PÉREZ, querellada.

*Números:* AB-2000-17     *Resueltos:* 16 de febrero de 2001
AB-2000-174

*Gustavo A. Gelpí, Procurador General, Vanessa Lugo Flores, Subprocuradora General, y Cynthia Iglesias Quiñones,*

*Procuradora General Auxiliar; María Otilia Lassalle, pro se.*

PER CURIAM: En instancias separadas, la Sra. Nilda Cruz del Valle y la Sra. Sandra Aragonés Calvo presentaron quejas contra la Lcda. María Otilia Lassalle Pérez. En vista de que ambas quejas son contra la misma abogada y que reflejan el mismo patrón de conducta de falta de diligencia y responsabilidad por parte de ésta, consolidamos ambas quejas.

I

El 7 de febrero de 2000, la Sra. Nilda Cruz del Valle presentó una queja contra la Lcda. María O. Lasalle Pérez relacionada con el caso *Nilda Cruz v. Plaza de Diego Mall y otros*, Civil Núm. KDP92-0111 (802), sobre daños y perjuicios. La licenciada Lasalle Pérez representó a la quejosa en dicho caso.

El 30 de mayo del 2000 el Procurador General nos presentó un informe preliminar sobre dicha queja. Nos informó que la licenciada Lasalle Pérez intervino en el pleito luego de que éste había sido desestimado conforme lo dispuesto en la Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Oportunamente presentó una moción de reconsideración. Sin embargo, a pesar de que el foro de instancia no la consideró en tiempo para interrumpir el término para recurrir ante el Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito), esperó hasta que ésta fuese denegada antes de presentar el escrito de apelación ante el foro apelativo. Así las cosas, el Tribunal de Circuito emitió sentencia desestimando el recurso por haberse presentado fuera del término jurisdiccional prescrito por ley. A pesar de esto, la querellada le indicó al Procurador General que como resultado de negociaciones con la Compañía de Seguros, ésta hizo una oferta de transacción, primero de diez mil dólares ($10,000), la cual no

fue aceptada por la quejosa, y luego otra en noviembre de 1999 por quince mil dólares ($15,000), la cual fue aceptada. No obstante los múltiples esfuerzos realizados por la quejosa, ésta no ha logrado obtener el dinero de la supuesta transacción, razón por la cual presentó la queja de autos.

Infructuosos también fueron los múltiples esfuerzos del Procurador General para lograr que la querellada compareciera y le sometiera la información que necesitaba para completar la investigación de la queja. En su informe preliminar el Procurador General solicitó que tomásemos conocimiento de lo expuesto en dicho informe y le ordenásemos a la querellada contestar sus requerimientos.

El 7 de junio de 2000 emitimos una resolución dándole término a la licenciada Lasalle Pérez para contestar los requerimientos de la Oficina del Procurador General. Le apercibimos de que el incumplimiento con esta resolución podría conllevar la suspensión del ejercicio de la profesión.

Luego de habérsele concedido una solicitud de prórroga y ante el incumplimiento de la querellada con nuestra resolución, el 13 de julio de 2000 el Procurador General nos solicitó nuevamente que le ordenásemos a la licenciada Lasalle Pérez suministrarle la información que se había comprometido a enviar. El 18 de julio de 2000 volvimos a darle término para cumplir y a apercibirle de que su incumplimiento podría acarrear severas sanciones.

Así las cosas, el 31 de agosto de 2000, el Procurador General compareció nuevamente y nos informó que la querellada aún no había cumplido y solicitó le impusiésemos sanciones disciplinarias. El 6 de septiembre le concedimos término a la licenciada Lasalle Pérez para que se expresara sobre el informe del Procurador General. El 2 de octubre ésta compareció, ofreció sus excusas e informó que no había podido cumplir "por motivo de un deterioro de salud física, y porque además el cumplimiento envuelve la intervención de otras personas". Solicitó término adicional para cumplir.

El 3 de noviembre emitimos la siguiente resolución:

> Visto el Informe del Procurador General y la Objeción a Informe de la Lcda. María Otilia Lassalle, los que reflejan las múltiples ocasiones en que la licenciada Lassalle ha desatendido los requerimientos tanto del Procurador General como de este Tribunal, se le concede a la licenciada Lassalle el término de diez (10) días, contados a partir de la notificación de esta resolución para comparecer ante el Procurador General y se le apercibe que ésta es su *última oportunidad*, y que de no cumplir, se le suspenderá del ejercicio de la profesión de abogado. No constituirá excusa el que esté tratando de llevar a cabo "una estipulación para el pago de la reclamación de la querellante". (Énfasis suplido.)

A pesar de lo expresado en esta resolución, la licenciada Lasalle Pérez no cumplió y, aún así, el 28 de diciembre le concedimos cinco (5) días más para cumplir.

## II

La segunda queja la presentó la Sra. Sandra Aragonés Calvo por alegada conducta antiética por parte de la querellada. La quejosa le ha requerido varias veces copia de una escritura inscrita de compraventa autorizada por la querellada.

El Procurador General le ha notificado en dos (2) ocasiones la queja a la licenciada Lassalle Pérez, pero ésta no ha contestado los requerimientos. Sin la comparecencia por escrito de la querellada, el Procurador General no puede efectuar la investigación pertinente.

El 21 de diciembre de 2000 emitimos una resolución concediéndole a la licenciada Lassalle Pérez un término de veinte (20) días desde la notificación de la resolución para contestar los requerimientos del Procurador General. En aquella ocasión, le apercibimos a la licenciada de que el incumplimiento con la resolución podría conllevar medidas disciplinarias severas. La notificación de la antes mencionada resolución tiene fecha de 27 de diciembre de 2000, por lo que ya venció el término concedido a la querellada.

Esta reciente queja contra la querellada demuestra, una vez más, un patrón intolerable de conducta.

## III

█ Reiteradamente hemos resuelto que los abogados tienen el ineludible deber de responder diligentemente a los requerimientos tanto de este Tribunal como de la Oficina del Procurador General. También hemos recalcado la importancia de cooperar en la investigación de asuntos disciplinarios y que su desatención podría conllevar severas sanciones. *In re Rodríguez Servera*, 149 D.P.R. 730 (1999); *In re Negrón Negrón*, 146 D.P.R. 928 (1998); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998); *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984); *In re Díaz García*, 104 D.P.R. 171 (1975). En *In re Rodríguez Servera*, supra, págs. 732–733, expresamos:

> ... [H]emos sido energéticos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 130 D.P.R. 210 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. *In re Sepúlveda Negroni*, 141 D.P.R. Ap. (1996); *In re Melecio Morales*, 144 D.P.R. 732–733 (1999).
>
> Igual conclusión se impone cuando los abogados demuestran indiferencia desmedida hacia las comunicaciones del Procurador General relacionadas con investigaciones disciplinarias. *In re Negrón Negrón*, supra; *In re Madera Acosta*, 144 D.P.R. 743 (1997). La desatención y el craso incumplimiento de la licenciada Rodríguez Servera con la Orden de este Tribunal y con los requerimientos del Procurador General revela un alto grado de indiferencia por parte de la misma hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria.

█ Del expediente de la licenciada Lasalle Pérez surge con meridiana claridad un patrón de incumplimiento tanto a los requerimientos del Procurador General como a

los de este Tribunal. También refleja las múltiples ocasiones en que le hemos dado la oportunidad de cumplir y los claros apercibimientos de las consecuencias que su incumplimiento conllevará. Se le advirtió que sería suspendida de la profesión y que no constituiría "excusa el que está tratando de llevar a cabo una estipulación para el pago de la reclamación de la querellante".

## IV

Por todo lo antes expuesto se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Otilia Lasalle Pérez.(¹)

El Tribunal, además, le impone a la licenciada Lassalle Pérez el deber de notificar a todos sus clientes de su actual inhabilidad de seguir representándolos, y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

La querellada deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta opinión *per curiam*, el cumplimiento con estos deberes, notificando también al Procurador General. De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Se ordena, además, la incautación inmediata del protocolo notarial de la querellada, quien hasta la fecha de este *per curiam* estaba activa en el ejercicio de la notaría. El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregarla a la Directora de la Oficina de Inspección de Notarías

---

(¹) Cabe señalar que ésta no es la primera ocasión que se disciplina a la Lcda. Otilia Lasalle Pérez. Ésta fue separada indefinidamente de la práctica de la abogacía mediante *per curiam* el 25 de enero de 1984 y reinstalada el 2 de febrero de 1984. En esa ocasión determinamos que había violado el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no defender diligentemente los intereses de sus clientes. El 11 de junio de 1993, mediante resolución, la volvimos a suspender hasta que cumpliera con una resolución nuestra. El 13 de agosto de 1993, luego de haber cumplido, la reinstalamos.

para la correspondiente investigación e informe a este Tribunal.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Fuster Berlingeri no intervino. El Juez Asociado Señor Rivera Pérez se inhibió.