per curiam:
Nuevamente nos confrontamos con una acti-tud de indiferencia por parte de un abogado ante los reque-rimientos de este Tribunal. En esta ocasión, dicha actitud es la causa que origina la suspensión indefinida del Ledo. Harry R. Segarra Arroyo del ejercicio de la abogacía y la notaría.
I
El Ledo. Harry R. Segarra Arroyo fue admitido al ejer-cicio de la abogacía y la notaría el 31 de mayo de 1977 y el 1 de septiembre de 1977, respectivamente. El 13 de marzo de 2009, la Sra. Maribel Ozores García presentó ante este Tribunal una queja contra el licenciado Segarra Arroyo. En *435 consecuencia, el 27 de abril de 2009, la Subsecretaría de este Tribunal (Subsecretaría) notificó al abogado por correo certificado. En dicha comunicación se le concedió un tér-mino de diez días, contados a partir del recibo, para com-parecer por escrito y contestar la queja presentada. Se le informó, además, que debía enviar copia de dicha comuni-cación a la señora Ozores y certificarnos que realizó dicha notificación. No obstante, el correo devolvió la carta con la siguiente expresión del servicio postal: “Moved, left — No Address.”
Como consecuencia de lo anterior, el 3 de junio de 2009, la Subsecretaría notificó por segunda vez mediante correo certificado al licenciado Segarra, esta vez a la dirección postal de la oficina que aparece en el sistema del Registro Unico de Abogados y Abogadas (RUA). Se le concedió un término de diez días a partir de la notificación para contes-tar al Tribunal y notificar a la quejosa.
El 2 de julio de 2009 se recibió una comunicación del licenciado Segarra Arroyo en la cual le informó al Tribunal que se encontraba hospitalizado por un tiempo prolongado y solicitó dos semanas adicionales para poder contestar. En atención a esto, la Subsecretaría le concedió un término adicional de quince días para presentar su contestación. Además, se le recordó el deber de notificar toda comunica-ción o escrito a la señora Ozores.
Al 28 de agosto de 2009, el licenciado Segarra Arroyo aún no había comparecido. Así, una vez más, la Subsecre-taría le concedió un término final e improrrogable de cinco días al letrado para que se expresara. Se le advirtió que de no contestar en el término concedido, el asunto iba a ser referido a la atención del Tribunal para procedimientos ulteriores.
Como el licenciado Segarra Arroyo no compareció, emi-timos una Resolución el 18 de septiembre de 2009 en la cual le concedimos un término final de cinco días para que compareciera y contestara la queja. Le apercibimos que in-cumplir con nuestra Resolución podría conllevar sanciones *436 disciplinarias severas en su contra, incluso la suspensión del ejercicio de la profesión.
Posteriormente, la Oficina del Alguacil de este Tribunal presentó un Informe de seguimiento el 30 de septiembre de 2009. En dicho informe se nos comunicó que en la dirección que suministró la Secretaría sólo existía un edificio ce-rrado y en venta. Ante esto, se pudo contactar al licenciado Segarra Arroyo a través de un ex compañero de bufete. Según se infiere del informe, el letrado señaló que éste llevaba cuatro meses postrado en una cama y que residía en el municipio de Ponce al cuidado de una señora. Señaló, además, que pronto lo trasladarían a un “Hogar” en San Juan. En esa misma ocasión, el licenciado Segarra Arroyo suministró el nombre y número telefónico del señor Javier Fontánez, quien alega trabajaba sus asuntos. Indicó tam-bién que tenía interés en darse de baja y entregar toda su obra notarial.
El 1 de octubre de 2009, mediante una llamada de se-guimiento al señor Fontánez, la Secretaría de este Tribunal logró conocer el estatus del letrado. El señor Fontánez informó que el licenciado Segarra Arroyo estaba en un “Ho-gar” y próximo a presentar una moción de prórroga, porque necesitaba tiempo para contestar la queja. Además, ex-presó que el licenciado Segarra Arroyo aún gozaba de sus facultades mentales.
A pesar del tiempo transcurrido, hoy desconocemos el paradero del Ledo. Harry R. Segarra Arroyo. Además, no hemos recibido comunicación de su parte ni de su repre-sentante o de algún familiar relacionada con nuestros re-querimientos. El letrado tampoco ha solicitado formal-mente la baja de la profesión.
II
Reiteradamente hemos expresado que los abogados tie-nen la ineludible obligación de responder con diligencia las *437 órdenes de este Tribunal respecto a las quejas que éste investiga. La indiferencia de un abogado al no atender nuestras órdenes y requerimientos acarrea imponerle se-veras sanciones disciplinarias, como la suspensión del ejer-cicio de la abogacía. (1) Por tal razón, en múltiples ocasiones nos hemos negado a tolerar la incomprensible y tozuda ne-gativa de un abogado de cumplir con nuestras órdenes.(2)
En el presente caso, el licenciado Segarra Arroyo ha in-cumplido obstinadamente con las órdenes de este Tribunal. A pesar de nuestros apercibimientos y prórrogas concedi-das, ha demostrado una actitud de indiferencia y falta de diligencia ante dichas órdenes. Además, como ya hemos mencionado, todavía hoy no hemos recibido comunicación por parte del letrado.
Así, pues, resulta obvio que al Ledo. Harry R. Segarra Arroyo no le interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.
i — I HH H-1
Por las razones antes expresadas, se ordena la suspen-sión inmediata e indefinida del Ledo. Harry R. Segarra Arroyo de la práctica de la abogacía y de la notaría. El licenciado Segarra Arroyo notificará a sus clientes que por motivo de la suspensión no puede continuar con su repre-sentación legal y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su sus-pensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes. El Alguacil de este Tribunal procederá a incau- *438 tarse de la obra notarial del Ledo. Harry R. Segarra Arroyo, incluso su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 In re García Enchautegui, 164 D.P.R. 740, 741-742 (2005).

 In re Laborde Freyre I, 154 D.P.R. 112, 115 (2001); In re Lassalle Pérez, 153 D.P.R. 368 (2001).