EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 29 |
|---|---|
| Harry R. Segarra Arroyo | 180 DPR ____ |

Número del Caso: AB-2009-61

Fecha: 21 de diciembre de 2010

Abogado de la Parte Querellada:

Por derecho propio

Materia: Conducta Profesional- La suspensión será efectiva el 9 de marzo de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Harry R. Segarra Arroyo       AB-2009-61      Queja

**PER CURIAM**

San Juan, Puerto Rico, a 21 de diciembre de 2010.

Nuevamente nos confrontamos con una actitud de indiferencia por parte de un abogado ante los requerimientos de este Tribunal. En esta ocasión, dicha actitud es la causa que origina la suspensión indefinida del Lcdo. Harry R. Segarra Arroyo del ejercicio de la abogacía y la notaría.

I.

El Lcdo. Harry R. Segarra Arroyo fue admitido al ejercicio de la abogacía y la notaría el 31 de mayo de 1977 y el 1 de septiembre de 1977, respectivamente. El 13 de marzo de 2009, la Sra. Maribel Ozores García presentó ante este

Tribunal una queja contra el licenciado Segarra Arroyo. En consecuencia, el 27 de abril de 2009, la Subsecretaria de este Tribunal (Subsecretaria) notificó al abogado por correo certificado. En dicha comunicación se le concedió un término de diez (10) días, contados a partir del recibo, para comparecer por escrito y contestar la queja presentada. Se le informó además, que debía enviar copia de dicha comunicación a la señora Ozores y certificarnos la realización de dicha notificación. No obstante, la carta fue devuelta por correo con la siguiente expresión del servicio postal: "Moved, left – No Address".

En vista de lo anterior, el 3 de junio de 2009, la Subsecretaria realizó una segunda notificación por correo certificado al licenciado Segarra, esta vez dirigida a la dirección postal de la oficina que surgía del sistema del Registro Único de Abogados y Abogadas (RUA). Se le concedió un término de diez (10) días a partir de la notificación para contestar al Tribunal y notificar a la quejosa.

El 2 de julio de 2009, se recibió una comunicación del licenciado Segarra Arroyo a los efectos de informar al Tribunal que se encontraba hospitalizado por un tiempo prolongado y solicitó dos (2) semanas adicionales para poder contestar. En atención a esto, la Subsecretaria le concedió un término adicional de quince (15) días para presentar su contestación. Además, se le recordó el deber

de notificar toda comunicación o escrito a la señora Ozores.

Al 28 de agosto de 2009, el licenciado Segarra Arroyo aún no había comparecido. Así, una vez más, la Subsecretaria le concedió un término al letrado para que se expresara, esta vez final e improrrogable, de cinco (5) días. Se le advirtió que de no contestar en el término concedido, el asunto iba a ser referido a la atención del Tribunal para procedimientos ulteriores.

Como el licenciado Segarra Arroyo no compareció, emitimos una Resolución el 18 de septiembre de 2009, en la cual le concedimos un término final de cinco (5) días para que compareciera y contestara la queja. Le apercibimos que incumplir con nuestra Resolución podría conllevar sanciones disciplinarias severas en su contra, incluyendo la suspensión del ejercicio de la profesión.

Posteriormente, la Oficina del Alguacil de este Tribunal presentó un Informe de seguimiento el 30 de septiembre de 2009. En dicho informe se nos comunicó que en la dirección suministrada por la Secretaría, sólo existía un edificio cerrado y puesto en venta. Ante esto, se pudo contactar al licenciado Segarra Arroyo a través de un ex compañero de bufete. Según se desprende del informe, el letrado señaló que éste llevaba cuatro meses postrado en cama y residiendo en el municipio de Ponce bajo el cuidado de una señora. Señaló además, que pronto iba a ser trasladado a un "Hogar" en San Juan. En esa

misma ocasión, el licenciado Segarra Arroyo suministró el nombre y número telefónico del señor Javier Fontanez, quien alegadamente trabajaba sus asuntos. Indicó también que tenía interés en darse de baja y entregar toda su obra notarial.

El 1 de octubre de 2009, mediante llamada de seguimiento al señor Fontanez, la Secretaría de este Tribunal logró conocer el estatus del letrado. El señor Fontanez informó que el licenciado Segarra Arroyo estaba en un "Hogar" y próximo a presentar una Moción de prórroga porque necesitaba tiempo para contestar la queja. Además, expresó que el licenciado Segarra Arroyo aún gozaba de sus facultades mentales.

A pesar del tiempo transcurrido, al día de hoy desconocemos el paradero del Lcdo. Harry R. Segarra Arroyo. Además, no hemos recibido comunicación alguna por parte de éste, ni de su representante o de algún familiar en torno a nuestros requerimientos. El letrado tampoco ha solicitado formalmente la baja de la profesión.

II.

Reiteradamente hemos expresado que los abogados tienen la ineludible obligación de responder con diligencia las órdenes de este Tribunal, respecto a las quejas que éste investiga. La indiferencia de un abogado al no atender nuestras órdenes y requerimientos acarrea la imposición de severas sanciones disciplinarias, como

la suspensión del ejercicio de la abogacía.[1] Por tal razón, en múltiples ocasiones nos hemos negado a tolerar la incomprensible y tozuda negativa de un abogado de cumplir con nuestras órdenes.[2]

En el presente caso, el licenciado Segarra Arroyo ha incumplido obstinadamente con las órdenes de este Tribunal. A pesar de nuestros apercibimientos y prórrogas concedidas ha demostrado una actitud de indiferencia y falta de diligencia en torno a dichas órdenes. Además, como ya hemos mencionado, al día de hoy no hemos recibido comunicación alguna por parte del letrado.

Así pues, resulta obvio que al Lcdo. Harry R. Segarra Arroyo no le interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.

III.

Por las razones antes expresadas, se ordena la suspensión inmediata e indefinida del Lcdo. Harry R. Segarra Arroyo de la práctica de la abogacía y de la notaría. El licenciado Segarra Arroyo notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala

---

[1] *In re* García Enchautegui, 164 D.P.R. 740, 741-742 (2005).

[2] *In re* Laborde Freyre I, 154 D.P.R. 112, 115 (2001); *In re* Lasalle Pérez, 153 D.P.R. 368 (2001).

del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Harry R. Segarra Arroyo, incluyendo su sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Harry R. Segarra Arroyo          AB-2009-61          Queja

**SENTENCIA**

San Juan, Puerto Rico, a 21 de diciembre de 2010.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Harry R. Segarra Arroyo de la práctica de la abogacía y de la notaría. El licenciado Segarra Arroyo notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Harry R. Segarra Arroyo, incluyendo su sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo