per curiam:
Una vez más nos corresponde atender una situación en la que una abogada querellada asume una conducta de extrema desidia e indiferencia, en detrimento del buen cauce que debe seguir todo proceso éticodisciplinario. Por lo tanto, sin necesidad de entrar a considerar los méritos de la querella que se presentó contra la Leda. Damaris Massanet Rodríguez, la suspendemos inmediata e indefinidamente de la práctica de la abogacía y la *119 notaría. Esto, toda vez que sus actuaciones durante el proceso disciplinario fueron contrarias a lo que prescriben los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX.
I
La licenciada Massanet Rodríguez (la querellada) fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y al ejercicio de la notaría el 14 de julio de 2008. En lo pertinente a esta querella, la letrada asumió la representación legal del Sr. Nieves Pérez Ortiz (señor Pérez Ortiz o el quejoso) en una acción sobre daños y perjuicios que este presentó en el Tribunal de Primera Instancia, Sala de Carolina, contra el Sr. Angel Ortiz Dávila y su esposa, la Cooperativa de Seguros Múltiples y Caribbean Airport Facilities, Inc. (Ángel M. Ortiz Dávila y otros, Caso Núm. FDP2008-0172). Expongamos el tracto procesal que siguió esa reclamación por ser pertinente a las imputaciones éticas que se formularon contra la letrada.
En noviembre de 2008, el foro de instancia dictó una sentencia parcial que desestimó la demanda en cuanto a Caribbean Airport Facilities h/n/c Hertz y la Cooperativa de Seguros Múltiples.. De esta forma, el pleito continuó contra el resto de los codemandados. No obstante, transcurrió el tiempo sin que la parte demandante realizara trámite alguno en el caso. Por esa razón, el 23 de julio de 2009 el Tribunal de Primera Instancia dictó una orden conforme a la Regla 39.2(b) de Procedimiento Civil de 1979 (32 LPRA ant. Ap. III), instruyendo a las partes a que justificaran su inacción en el pleito. En respuesta, la licenciada Massanet Rodríguez presentó en agosto de ese año una moción en la que informó que, debido a ciertas complicaciones, no había podido atender con premura sus gestiones profesionales y, además, que el señor Pérez Ortiz interesaba desistir del pleito por razones personales. En vista de *120 ello, el 31 de agosto de 2009 el foro de instancia dictó sentencia, decretando el desistimiento de la demanda sin perjuicio.
Ahora bien, según surge del expediente, durante el 2010 la querellada fue contratada por el Bufete Morales-Morales. Durante ese tiempo, el quejoso suscribió un contrato sobre honorarios profesionales en el que esta firmó como representante del mencionado bufete. En ese documento se acordaron los detalles en cuanto a cómo procederían respecto a la reclamación de daños y peijuicios que previamente se había incoado.
Así pues, el 23 de agosto de 2010 la querellada, en representación del quejoso, presentó una nueva demanda en la que figuraron como codemandados el Sr. Ángel Ortiz Dávila y su esposa, la Cooperativa de Seguros Múltiples como aseguradora de este y Daimler Chrysler Services Caribbean S.A. (Nieves Pérez Ortiz y otros v. Ángel M. Ortiz Dávila y otros, Caso Núm. FDP2010-0291). Ante ello, la Cooperativa de Seguros Múltiples alegó que la reclamación en su contra era cosa juzgada y solicitó la desestimación sobre ese fundamento. Así, el 2 de febrero de 2011 el Tribunal desestimó con perjuicio la demanda contra dicha entidad. Ese mismo día, desestimó también con perjuicio la causa de acción que pendía contra el Sr. Ángel Ortiz, por cuanto no se le emplazó dentro del término estatutario. Por iguales fundamentos, pero sin perjuicio, desestimó la demanda en cuanto al codemandado Daimler Chrysler.
Más adelante, el 18 de febrero de 2011, la letrada presentó ante el Tribunal de Primera Instancia un escrito titulado “Moción de renuncia de representación legal”. Allí informó que había cesado sus labores en el Bufete Morales-Morales y solicitó 30 días para que otro abogado asumiera la representación legal de su cliente (el quejoso). Por no cumplir con los requisitos para ello, el TPI no aceptó dicha *121 renuncia.(1) De esta forma, transcurrió el término para solicitar una reconsideración y apelar esas sentencias sin que ningún recurso se instara, por lo que ambas advinieron finales y firmes.
Ante lo ocurrido, el señor Pérez Ortiz presentó una queja ante este Tribunal en mayo de 2011 y solicitó, entre otras cosas, que investigáramos la conducta desempeñada por la licenciada Massanet Rodríguez. En su queja expuso que se comunicó con la querellada en múltiples ocasiones para conocer el estado procesal de su caso, pero que sus esfuerzos resultaron infructuosos. Indicó que ante cierta información contradictoria que esta le ofreció, acudió personalmente al Tribunal de Primera Instancia, Sala de Carolina, donde se le informó que su acción se había archivado con perjuicio.
Así las cosas, en jtrnio de 2011 le notificamos la queja a la abogada quien, tras solicitar una prórroga, compareció y contestó las alegaciones del quejoso. Subsiguientemente, el 10 de agosto de 2007 referimos la queja a la Oficina del Procurador General. En cumplimiento con nuestra orden, la Procuradora General Auxiliar requirió al Ledo. Jaime Morales-Morales, del Bufete Morales-Morales, que remitiera ciertos documentos. Tras la correspondiente investigación, el 10 de noviembre de 2011 recibimos el Informe del Procurador General, el cual también se le notificó a la querellada a dos direcciones postales: una en Puerto Rico y otra en Houston, Texas. La notificación que se envió a la dirección de Puerto Rico fue recibida, según consta en el formulario del Servicio Postal, sin embargo, la otra fue devuelta por el correo. Una vez examinamos el Informe, concedimos a las partes un término de 20 días mediante Re *122 solución de 29 de noviembre de 2011 para que se expresaran en tomo a este. La licenciada Massanet Rodríguez no cumplió con lo ordenado por este Tribunal.
Ante ese marco fáctico, el 24 de febrero de 2012 instruimos a la Oficina del Procurador General que presentara una querella contra la licenciada Massanet Rodríguez. En consecuencia, el 15 de marzo de 2012 se presentó la querella, donde se adujo que la letrada violó los Cánones 18, 19, 20 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Al día siguiente, el 16 de marzo, conforme a la Regla 14(f) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, la Secretaria de este Tribunal expidió un mandamiento, ordenándole a la abogada que contestara la querella en el término de 15 días.
En varias ocasiones los alguaciles de este Tribunal intentaron diligenciar el referido mandamiento, y los esfuerzos resultaron infructuosos. En cuanto al tortuoso procedimiento de cumplir ese cometido, destacamos que el 20 de abril de 2012 el Alguacil de este Tribunal informó mediante una misiva que durante marzo se había comunicado vía telefónica con la querellada, quien le indicó que se encontraba en la ciudad de Houston, Texas, y que regresaría a Puerto Rico en tres semanas. En esa comunicación también señaló que el 20 de abril se volvió a comunicar con ella y que en esa ocasión la querellada le proveyó una dirección postal de Estados Unidos donde podía recibir el documento. Posteriormente, el 4 de diciembre de 2012, el Alguacil nuevamente informó que durante los meses de septiembre y octubre se había comunicado con la licenciada Massanet, pero que esta no mostró interés en cooperar en el proceso pendiente ante esta Curia. Finalmente, puntualizó que el 29 de noviembre de ese año visitaron la residencia de los padres de la letrada y que allí la contactaron vía telefónica. En esa comunicación la letrada informó a los alguaciles que no regresaría a Puerto Rico y les suministró un correo electrónico al cual podían enviar el *123 documento, así como su nuevo número telefónico. Mencionamos, además, que durante ese proceso la querellada informó que supuestamente se encontraba fuera de Puerto Rico porque estaba recibiendo un tratamiento médico. Empero, debemos destacar que el expediente esta huérfano de evidencia alguna que acredite esas aseveraciones.
En consideración a estos antecedentes fácticos, procedemos a enunciar los fundamentos que atienden el comportamiento de la querellada y la sanción que procede.
II
Reiteradamente hemos señalado que incumplir con los deberes que imponen la ley y el ordenamiento ético acarrea la imposición de sanciones disciplinarias. In re Asencio Márquez, 183 DPR 659, 664 (2011). Esto cobra mayor significado cuando dichas faltas se cometen durante la consecución de un proceso disciplinario contra un miembro de la profesión togada. In re Buono Colón, 187 DPR 379 (2012); In re Borges Lebrón, 179 DPR Ap. (2010). Sabido es que la función de todo abogado requiere que este atienda con “diligencia y escrupulosidad” las órdenes que emita este Tribunal, y esa obligación se hace más patente cuando dichas órdenes se refieren a procedimientos sobre su conducta profesional. In re Montes Díaz, 184 DPR 90, 93 (2011). Sin embargo, esta Curia se ha enfrentado constantemente a situaciones en las que un sinnúmero de abogados incumplen con las órdenes de este Tribunal y de los organismos encargados de investigar las posibles violaciones a las normas que rigen nuestra profesión. In re Arroyo Rivera, 182 DPR 732, 736 (2011). Tal conducta es altamente reprochable, pues es de suma importancia que los abogados sean diligentes en las gestiones que les competen realizar mientras se dilucida un proceso disciplinario en su contra. Desatender las órdenes atinentes a ese proceso es un asunto de suma seriedad, que puede acarrear la sus *124 pensión inmediata de la profesión. In re Rodríguez Salas, 181 DPR 579 (2011). Nos hemos referido a los postulados de los Cánones 9 y 12 del Código de Etica Profesional, supra, para atender este tipo de situaciones. Veamos.
Por su parte, el Canon 9, supra, dispone sin ambages que todo abogado “debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. Hemos enunciado que cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo de ese modo las disposiciones de ese precepto. In re Fidalgo Córdova, 183 DPR 217 (2011). En cuanto a los procesos disciplinarios, esto se traduce en que todo miembro de la profesión tiene el ineludible deber de responder diligente y oportunamente los requerimientos y las órdenes que le emita este Tribunal. In re García Ortiz, 187 DPR 507 (2013); In re Fidalgo Córdova, supra. Por lo tanto, actuar con indiferencia, despreocupación y falta de cooperación es incompatible con la norma ética antes citada. Id.
Al interpretar el Canon 9, supra, hemos puntualizado que la naturaleza de la función de abogado requiere que este emplee estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo la Oficina del Procurador General. Ya hemos dicho que todo abogado admitido a la profesión tiene el deber ineludible de contestar los requerimientos del Procurador General. In re García Ortiz, supra; In re Fidalgo Córdova, supra. Es por eso que desatender los apercibimientos y las órdenes constituye un agravio a la autoridad del Tribunal de tal envergadura que constituye causa suficiente para la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata. In re Rodríguez Salas, supra.
En síntesis, al interpretar el Canon 9, supra, hemos apuntado que los abogados están obligados a responder con premura y diligencia a los requerimientos relacionados con *125 quejas por su conducta profesional. Así, por ejemplo, he-mos sostenido que constituye una falta de respeto hacia los procedimientos del tribunal la indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una querella. In re Vargas Soto, 146 DPR 55 (1998). Valga aclarar que la referida obligación es independiente a los méritos de la queja presentada. In re Martínez Miranda, 160 DPR 263 (2003).
En ese sentido, recientemente expresamos que
[e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9, supra. In re Asencio Márquez, supra, págs. 664—665.
Por otro lado, el Canon 12, supra, dispone que “[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas”. Como vemos, este precepto también intima que los abogados presten atención minuciosa, sean diligentes y cumplan con las órdenes del tribunal. Hemos enfatizado que ese deber cobra mayor envergadura cuando se trata de órdenes dictadas por el Tribunal Supremo de Puerto Rico. In re Cuevas Velázquez, 174 DPR 433, 441 (2008). En ese sentido también hemos enunciado que el incumplimiento con los requerimientos de la Oficina del Procurador General es igualmente reprochable y acarrea las mismas sanciones que desatender las órdenes de este Tribunal. In re Lassalle Pérez, 153 DPR 368 (2001). Así pues, un abogado actúa en *126 contravención al Canon 12, supra, si no responde a las resoluciones del Tribunal Supremo ni comparece para responder a una queja que se ha presentado en su contra. In re Rodríguez Bigas, 172 DPR 345 (2007).
Como vemos, un abogado que no contesta los requerimientos de este Tribunal demuestra dejadez, indiferencia y falta de diligencia, y consecuentemente, no respeta los postulados contenidos en los Cánones 9 y 12, supra. “Desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro”. (Enfasis nuestro).(2)
III
El expediente de la querella que atendemos refleja un patrón de desidia y desinterés por parte de la licenciada Massanet Rodríguez en cuanto al proceso disciplinario que se inició en su contra. En sus inicios, la querellada compareció a contestar las alegaciones que el señor Pérez Ortiz formuló en su queja. Sin embargo, esta no reaccionó al Informe del Procurador General en el término provisto ni contestó la querella que posteriormente se presentó, a pesar de que se le notificó a su dirección postal. Una vez presentada la querella, el Alguacil de este Tribunal intentó durante varios meses diligenciar el mandamiento que le ordenaba comparecer a contestar la querella. Durante ese proceso, fue notable la indiferencia de la abogada hacia los esfuerzos que hizo este Tribunal para notificarle sobre los cargos éticos que se le imputaron. La licenciada Massanet Rodríguez ofreció información incongruente en varias ocasiones en cuanto a la fecha en que comparecería. Luego, *127 suministró una dirección postal de la ciudad de Houston para que le enviáramos el mandamiento. Esa dirección fue la misma a la que anteriormente se le notificó el Informe del Procurador General, notificación que el servicio postal devolvió. Tras varios intentos para diligenciar el mandamiento, la abogada informó al Alguacil de este Tribunal que no regresaría a Puerto Rico y proveyó una dirección de correo electrónico y un número de teléfono. No hizo ninguna otra gestión afirmativa para responder a nuestros requerimientos.
Como se puede apreciar, las constantes actitudes y el comportamiento de la licenciada Massanet Rodríguez, evadiendo los esfuerzos que por varios meses realizaron los funcionarios de este Tribunal para poderle notificar la querella y diligenciar el mandamiento que le ordenaba contestarla, constituyen una falta de respeto reprochable a la autoridad de esta Curia. La indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una querella es una falta de respeto que no debe tolerarse. In re García Ortiz, supra.
Es inaceptable que, sin causa justificada, un letrado se niegue a comparecer ante un procedimiento en el cual se le imputan severas faltas éticas. Esa actitud caracteriza un absoluto menosprecio a lo dispuesto por los Cánones 9 y 12 del Código de Etica Profesional, supra, y a esta Institución. In re Moreno Franco, 166 DPR 787 (2006). La licenciada Massanet Rodríguez debió mostrar un interés genuino en cuanto a este asunto, pues una querella por faltas éticas no se debe atender livianamente. Todo lo contrario; el desarrollo de la normativa ética exige que los miembros de la profesión respondan prontamente a cualquier requerimiento relacionado con un proceso disciplinario.
Si bien es cierto que en primera instancia la letrada informó que, debido a ciertas condiciones de salud, debía permanecer fuera de Puerto Rico, ello no excusa su actitud de proveer información incongruente a los fundo *128 narios de este Tribunal y de no cooperar en este proceso. Recordemos, además, que dichas alegaciones carecen de prueba, pues la licenciada tampoco proveyó evidencia alguna dirigida a demostrar que, en efecto, alguna situación de salud le impedía cumplir con sus deberes profesionales. Aun en el caso de que fueran ciertas, recientemente expresamos que el hecho de que el estado de salud sea delicado, no excusa el incumplimiento con las obligaciones impuestas a todo abogado que ejerce la profesión. In re Grau Collazo, 185 DPR 938 (2012).
IV
Por los fundamentos que anteceden, concluimos que la licenciada Massanet Rodríguez infringió los Cánones 9 y 12 del Código de Etica Profesional, supra, al provocar dilaciones injustificadas en el presente proceso disciplinario. La conducta que desplegó la letrada constituye una afrenta a las normas éticas que rigen a todo abogado. Por ello, la suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.
En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos y de informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión per curiam y Sentencia. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la licenciada Massanet Rodríguez y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 El 8 de marzo 2011 el TPI emitió orden para que, en el término de 20 días, la letrada cumpliera con las disposiciones de la Regla 19 para la Administración del Tribunal de Primera Instancia, 4 LPRAAp. II-B, y con el Canon 20 del Código de Ética Profesional, 4 LPRAAp. IX, disposiciones atinentes al procedimiento de renuncia de representación legal.

 In re Escalona Colón, 149 DPR 900, 901 (1999).