per curiam:
Una vez más nos corresponde atender una situación en la que un abogado querellado asume una conducta de extrema desidia e indiferencia. Por lo tanto, no tenemos la necesidad de entrar a considerar y evaluar los méritos de la queja presentada contra el Ledo. Anselmo Irizarry Irizarry (licenciado Irizarry, el querellado o el letrado). Por los fundamentos que a continuación enunciamos, lo suspendemos inmediata e indefinidamente de la práctica de la abogacía y de la notaría. Esto, toda vez que sus actuaciones durante el proceso disciplinario fueron contrarias a lo que prescribe el Cánon 9 del Código de Etica Profesional.(1)
*370 i-i
El Ledo. Anselmo Irizarry Irizarry fue admitido al ejercicio de la abogacía el 31 de diciembre de 1985 y a la práctica de la notaría el 6 de junio de 1989. En lo pertinente a la querella que nos ocupa, este asumió la representación legal de la Sra. Ruth Rodríguez Millán (señora Rodríguez, la quejosa o la querellante) en el 2004. Esta presentó una queja contra el letrado ante la Oficina del Procurador General. (2)
En síntesis, la querellante alegó que en mayo de 2004 estuvo involucrada en un accidente. En consecuencia, contrató los servicios del licenciado Irizarry para que le presentara una demanda civil. Indicó, además, que el querellado le dijo que tenía que esperar a que se le citara para el caso. En varias ocasiones, la señora Rodríguez llamó a la oficina del letrado para saber el estatus del caso. Empero, le fue imposible contactarlo.
Así las cosas, y al no tener respuesta del licenciado Irizarry, la quejosa se presentó personalmente en su oficina. Ese día dialogaron y el querellado justificó el retraso del caso por la situación económica de los seguros involucrados en la controversia. Además, el letrado le solicitó que le concediera un mes para dejarle saber el estado de los procedimientos. Ese mismo día, la querellada le entregó al licenciado Irizarry copia de sus últimos análisis médicos para el expediente del caso. Transcurrido el tiempo solicitado por el querellado y, al no tener respuesta de este, la señora Rodríguez le escribió una carta certificada.(3) El letrado nunca la contestó.
De otra parte, la querellante expresó que consultó el asunto con otro abogado. Este le orientó que fuera perso-nalmente al Tribunal de Ponce para revisar el expediente *371 de su caso. Sorpresivamente, allí le informaron que su caso estaba inactivo y había sido desestimado.
En ese escenario, el 7 de diciembre de 2010 y el 16 de marzo de 2011, la Oficina del Procurador General cursó al querellado dos requerimientos certificados con acuse en los cuales se le solicitó que respondiera a las alegaciones pre-sentadas en su contra.(4) En respuesta, el 25 de marzo de 2011 el licenciado Irizarry solicitó que se le concediera hasta el 6 de abril de 2011 para responder a la queja. Así las cosas, el 5 de abril de 2011, el querellado presentó su respuesta. En ella reconoció su falta y expresó que estaba dispuesto a reunirse con la Procuradora General Auxiliar y con la quejosa en aras de encontrar una solución razonable para reparar el perjuicio causado. El 17 de mayo de 2011, la Oficina del Procurador General le informó al licenciado Irizarry que él tenía que comunicarse directamente con la quejosa, sin la intervención de esa oficina, para buscar una solución razonable.(5)
La Oficina del Procurador General envió dos requeri-mientos adicionales al querellado para que comunicara el resultado de la gestión que le fue encomendada.(6) Al no contestar esos requerimientos, el 1 de diciembre de 2011, la Oficina del Procurador General nos sometió un Informe donde indicó que el letrado no había contestado los requerimientos emitidos por su Oficina.
Examinado el Informe del Procurador General, emiti-mos una Resolución donde puntualizamos que el licenciado Irizarry debía comparecer en un término de diez días ante *372 la Oficina del Procurador General a responder los requerimientos cursados por esta.(7) Además, le ordenamos exponer las razones por las cuales no debía ser disciplinado por no contestar los requerimientos de esa Oficina. Le apercibimos, también, de que el incumplimiento con esa Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.
El 20 de enero de 2012, el querellante nos expresó que recibió el Informe del Procurador General en torno a la queja presentada por la señora Rodríguez.(8) Indicó, además, que se reunió con la querellada y que le pidió excusas por su falta de diligencia. El licenciado Irizarry hizo el compromiso de comparecer ante la Oficina del Procurador General para la continuación del proceso con el fin de encontrar un remedio a la situación. Incluyó una misiva en la que indicó que le haría llegar a esa oficina una minuta sobre la reunión y los acuerdos a los que llegó con la quejosa.
Por su parte, al no recibir comunicación ulterior del li-cenciado Irizarry, el 15 de octubre de 2012 la Oficina del Procurador General le envió carta certificada con acuse al querellado para que este le informara en el término de quince días los acuerdos a los que había llegado con la que-josa y para que le remitiera una copia de la minuta de la mencionada reunión. En la misma fecha se le envió una comunicación a la señora Rodríguez donde se le requirió que informara los acuerdos a los que había llegado con el querellado, si este le había pagado alguna cantidad de dinero y si se había instado nuevamente el caso por daños y perjuicios. (9)
*373 El 22 de octubre de 2012, la señora Rodríguez informó a la Oficina del Procurador General que desde el 10 de enero de 2012 no había tenido comunicación con el licenciado Irizarry. Además, ratificó su interés de que este asunto se resuelva. Así las cosas, el 8 de noviembre de 2012, la Ofi-cina del Procurador General cursó el cuarto requerimiento al letrado mediante carta certificada con acuse de recibo para que en el término de diez días informara los acuerdos a los que había llegado con la quejosa. Nuevamente se le requirió que entregara copia de la minuta de la reunión que tuvo con la señora Rodríguez el 10 de enero de 2012.
Así las cosas, el 5 de febrero de 2013, la Oficina del Procurador General compareció ante este Tribunal en un Segundo informe de incomparecencia. Examinado este, or-denamos al licenciado Irizarry a que en un término final e improrrogable de treinta días cumpliera con los requeri-mientos de la Oficina del Procurador General sobre la queja presentada por la señora Rodríguez.(10) Nuevamente le apercibimos de que incumplir con nuestra orden, sería causa suficiente para imponerle severas sanciones discipli-narias, incluyendo la separación inmediata del ejercicio de la abogacía.
Finalmente, la Procuradora General nos informó en dos ocasiones que el licenciado Irizarry no había comparecido, a pesar de que así se lo ordenamos en la Resolución mencionada.(11)
En consideración a estos antecedentes tácticos y con el beneficio de la comparecencia de la Oficina del Procurador General, procedemos a enunciar los fundamentos que atienden la conducta del querellado y la procedente sanción.
*374 II
Reiteradamente hemos señalado que incumplir los deberes que imponen la ley y el ordenamiento ético acarrea sanciones disciplinarias. In re Asencio Márquez, 183 DPR 659, 664 (2011). Esto cobra mayor significado cuando esas faltas se cometen durante la consecución de un proceso disciplinario contra un miembro de la profesión togada. In re Buono Colón, 187 DPR 379, 382 (2012).
El Canon 9 de Etica Profesional, supra, dispone que “[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. En ese contexto, hemos enunciado que es la obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional. In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fontón La Fontaine, 182 DPR 934, 935 (2011). Además, hemos expresado que cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9. In re Massanet Rodríguez, 188 DPR 116 (2013).
Al interpretar el Canon 9, supra, hemos expresado que la naturaleza de la función de abogado requiere que este emplee una estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo la Oficina del Procurador General. In re García Ortiz, 187 DPR 507, 524 (2012); In re Irizarry Maldonado, 172 DPR 306, 307 (2007). Reiteradamente, hemos sido enfáticos al indicar que desatender nuestros dictámenes constituye un serio agravio a la autoridad de los tribunales y una infracción al Canon 9 del Código de Ética Profesional, supra. In re Fidalgo Córdova, supra.
*375 Por otro lado, la naturaleza de la función de abogado requiere que los abogados presten atención minuciosa, diligencia y cumplimiento de las órdenes del tribunal, en particular cuando se trata de procedimientos relativos a la conducta profesional. In re Ruiz Hernández, 177 DPR 963, 965 (2010); In re Cuevas Velázquez, 174 DPR 433, 440 (2008). Los abogados están obligados a responder con premura y diligencia los requerimientos relacionados con quejas por conducta profesional. De no hacerlo, podrían enfrentar sanciones disciplinarias serias. In re García Ortiz, supra. El incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para la suspensión inmediata de los abogados. In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1 (2011).
Es menester aclarar que la referida obligación es independiente a los méritos de la queja presentada contra el letrado. In re García Ortiz, supra; In re Rosado Cruz, 176 DPR 1012 (2009). Sin embargo, constantemente hemos en-frentado situaciones en las que un sinnúmero de abogados incumplen con las órdenes de este Tribunal y de los orga-nismos encargados de investigar las posibles violaciones a las normas que rigen nuestra profesión. In re Arroyo Rivera, 182 DPR 732, 736 (2011); In re Asencio Márquez, supra.
De otra parte, en In re López Bocanegra, 183 DPR 224 (2011), puntualizamos que el incumplimiento con los requerimientos de la Oficina del Procurador General es igual de reprochable y acarrea las mismas sanciones que desatender las órdenes de este Tribunal. In re Lasalle Pérez, 153 DPR 368 (2011); In re Arzón Rivera, 175 DPR 763 (2009). Asimismo, hemos afirmado que desatender las comunicaciones relacionadas a procedimientos disciplinarios tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden *376 emitida directamente por el tribunal. In re Ríos Acosta I, 143 DPR 128, 135 (1997).
Hemos reiterado en varias ocasiones que la indebida, irrazonable e inexcusable tardanza de un abogado en formular su contestación a una querella constituye una falta de respeto hacia los procedimientos del tribunal. In re García Ortiz, supra; In re Vargas Soto, 146 DPR 55 (1998). Así pues, un abogado actúa en contravención al Canon 9, supra, si no responde a nuestras órdenes y resoluciones relacionadas con la jurisdicción disciplinaria. In re Rodríguez Bigas, 172 DPR 345 (2007).
Luego de exponer el marco ético que antecede, pasemos a discutir si el querellado infringió las disposiciones del Canon 9 del Código de Etica Profesional, supra.

III

Como se puede apreciar, este Tribunal y la Oficina del Procurador General hicieron unos requerimientos y órde-nes al licenciado Irizarry. Empero, este no cumplió con estos.
Hemos reiterado en un sinnúmero de ocasiones que las faltas éticas no deben atenderse livianamente. La norma-tiva ética exige que los miembros de la profesión respon-dan con prontitud a cualquier requerimiento relacionado a un proceso disciplinario. Es por ello que colegimos que el querellado debió demostrar genuino interés en cuanto a este asunto.
En el caso de autos, el letrado incumplió con su deber de responder oportunamente a los requerimientos de la Ofi-cina del Procurador General y de este Tribunal. La Oficina del Procurador General lleva más de dos años solicitándole al licenciado Irizarry que comparezca para atender la si-tuación presentada por la quejosa. Empero, este ha hecho caso omiso a ello. El expediente de la querella que atende-mos refleja un patrón de desidia y desinterés por parte del *377 querellado en cuanto al proceso disciplinario que se inició en su contra. Es decir, durante este proceso su actitud de indiferencia ha sido notable.
En In re Escalona Colón, 149 DPR 900, 901 (2000), indicamos que:
Desatender nuestras órdenes en el curso de un procedi-miento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro.
La actitud del licenciado Irizarry demuestra un grave menosprecio a las órdenes de este Tribunal. Es sorprendente que personas que han obtenido sus títulos académi-cos y profesionales luego de muchos años de estudios y múltiples sacrificios, sean suspendidos por su incumplimiento en contestar las órdenes de este Tribunal. Su acti-tud demuestra un menosprecio por lo que representa el título de abogado y el certificado que le entregó este Tribunal para ejercer la abogacía. In re Buono Colón, supra, págs. 383-384.
Como hemos visto, un abogado que no contesta los re-querimientos de este Tribunal demuestra dejadez, indife-rencia y falta de diligencia. Consecuentemente, colegimos que el licenciado Irizarry no respetó los postulados conte-nidos en el Canon 9 del Código de Etica Profesional, supra.
IV
Por los fundamentos que anteceden, concluimos que el licenciado Irizarry infringió el Canon 9 del Código de Etica Profesional, supra, al provocar dilaciones injustificadas en el presente proceso disciplinario. Su conducta durante este procedimiento, al ignorar las órdenes emitidas por este Tribunal, constituye una afrenta a las normas éticas que ri-gen la profesión jurídica en Puerto Rico. Por ello, lo sus- *378 pendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.
En vista de lo anterior, le imponemos el deber de notifi-car a todos sus clientes de su inhabilidad para seguir re-presentándolos e informar oportunamente de su suspen-sión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y cer-tificar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta días a partir de la notificación de esta opinión per curiam y sentencia. El cumplimiento con estos deberes será notificado también a la Procuradora General.
Finalmente, el Alguacil de este Tribunal deberá incau-tar la obra y el sello notarial del licenciado Irizarry y en-tregarlos a la Directora de la Oficina de Inspección de No-tarías para la investigación e informe correspondientes.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Fiol Matta no intervino. La Juez Asociada Señora Rodríguez Rodríguez y el Juez Aso-ciado Señor Feliberti Cintrón no intervienen.

 4 LPRA Ap. IX, C. 9.

 A esta queja se le asignó el Núm. 10-43 en la Oficina del Procurador General.

 Esta tiene fecha de 15 de marzo de 2009.

 La carta que se le envió el 7 de diciembre de 2010 le concedía al señor Irizarry cinco días para someter su posición en torno a las alegaciones de la quejosa. Al no responder ese requerimiento, el 16 de marzo de 2011 la Oficina del Procurador General concedió un término de tres días adicionales para ofrecer su versión.

 Se le concedieron veinte días a partir del recibo de esta para comunicarse con la señora Rodríguez.

 El primero de los requerimientos se emitió el 8 de septiembre de 2011 y fue recibido el 9 de septiembre del mismo año. El segundo de los requerimientos se emitió el 5 de octubre de 2011 y fue recibido el 7 de octubre de 2011 por el licenciado Irizarry.

 Véase Resolución de 29 de diciembre de 2011.

 Véase la Moción en Cumplimiento de 20 de enero de 2012.

 El 19 de enero de 2012, la quejosa ya había informado a la Oficina del Procurador General que no había llegado a un acuerdo final con el letrado porque este perdió el expediente del caso. Indicó, además, que el licenciado Irizarry le soli-citó autorización para conseguir el expediente médico. Así, podría analizar la canti-dad de dinero que acordaría para los daños y las angustias emocionales sufridos por *373 la señora Rodríguez. AI transcurrir ocho meses sin respuesta ulterior, la Oficina del Procurador General le envió esta carta a la señora Rodríguez.

 Véase Resolución de 21 de marzo de 2013.

 Véase Moción informativa de la Procuradora General de 22 de julio de 2013. Véase, además, la Segunda moción informativa de la Procuradora General por el incumplimiento de orden del Ledo. Anselmo Irizarry Irizarry de 5 de diciembre de 2013.